IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 2, 2007

Charles R. Fulbruge III
Clerk

No. 06-40267
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JUVENTINA VARGAS-ROJAS

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-1175-ALL

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

This is an appeal in a criminal case. A jury convicted Defendant-Appellant Juventina Vargas-Rojas ("Rojas") pursuant to 18 U.S.C. § 2 for two counts of aiding and abetting the following crimes: (1) possession with intent to distribute a quantity in excess of 50 kilograms of marihuana, in violation of 21 U.S.C. § 841; (2) and importation into the United States of a quantity in excess of 50 kilograms of marihuana, in violation of 21 U.S.C. §§ 951, 960. Rojas appeals and

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

seeks a new trial on the basis of newly discovered evidence. We affirm and order counsel to show cause why sanctions should not be imposed.

We review the denial of a motion for a new trial for abuse of discretion standard. Vogler v. Blackmore, 352 F.3d 150, 154 (5th Cir. 2003). However, in this case, there is nothing to review; the record does not establish that Rojas moved for a new trial in the District Court. Thus, Rojas can point to no error or abuse of discretion by the District Court. On appeal, Rojas may not move for a new trial on the basis of newly discovered evidence in the first instance. See Fed. R. Crim. P. 33 (setting forth the rule governing motions for new trial with reference to the District Court only); Wells Real Estate, Inc. v. Greater Lowell Board of Realtors, 820 F.2d 803, 811 (1st Cir. 1998) (A "motion for new trial must be made in the first instance before the trial court... ."). If Rojas wished to move for a new trial, she should have done so in the District Court.

Setting aside Rojas' failure to move for a new trial in the District Court, her brief on appeal is fatally non-compliant with Fed. R. App. P. 28. The brief specifies neither the legal basis of our jurisdiction nor the standard of review. It contains no statement of facts and virtually no record citations. And there is not a single citation of law. Thus, we cannot address Rojas' request for a new trial because Rojas "provides no legal argument in [her] brief that indicates the basis for [her] contention." United States v. Tomblin, 46 F.3d 1369, 1376 n.13 (5th Cir. 1995) (citing Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993) (holding that issues not argued are abandoned)).

In light of the foregoing, we AFFIRM the judgment below and ORDER George V. Garcia, Rojas' trial and appellate counsel, to show cause why we should not sanction him for failing to comply with Fed. R. App. P. 28. Garcia shall have 30 days from the date of this opinion to file a response. See Fed. R. App. P. 46(c).

AFFIRMED.